UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

File No. 3:23-cv-118

| | |
|---|---|
| VANESSA MATTHEWS and LISA MATTHEWS,<br><br>　　Plaintiffs,<br><br>v.<br><br>SIZZLING PLATTER, LLC,<br><br>　　Defendant. | **AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiffs, VANESSA MATTHEWS and LISA MATTHEWS, by and through their undersigned attorney, hereby files her Amended Complaint. This Amended Complaint relates back to the original complaint, and that the provisions in the original Complaint (Document No. 1) be incorporated by reference herein. The Plaintiff amends his original complaint pursuant to Fed. R. Civ. P. 15 (a)(1)(B). Plaintiff adds and states the following:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiffs are citizens and residents of North Carolina.

2. Upon information and belief, Defendant Sizzling Platter, LLC is a limited liability company incorporated in the State of Nevada and is duly authorized to conduct business in the State of North Carolina.

3. Defendant Sizzling Platter, LLC's registered agent is CT Corporation System located at 160 Mine Lake Ct, Suite 200, Raleigh, NC 27615. Upon information and belief, Defendant employs over nine persons.

4. During all relevant times, Defendant has been an employer covered by N.C.G.S. § 143-422.2(a).

5. At all relevant times, Plaintiff was Defendant's employee and therefore covered by N.C.G.S. § 143-422.2(a).

6. Defendant transacted and continues to transact business in North Carolina by, among other things, employing persons at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 located within North Carolina and this judicial district.

7. Plaintiff was employed as the General Manager at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 until he was terminated on January 22, 2022. Plaintiff at all times relevant was an African American male and a member of a protected class.

### STATEMENT OF FACTS

8. Upon information and belief, at all relevant times, Defendant oversaw operations at Wingstop located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

9. Defendant was responsible for managing and supervising day-to-day operations at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

10. Defendant had the authority to hire employees to work for Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

11. Defendant had the authority to terminate Defendant's' employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

12. Defendant had the authority to discipline Defendant's employees who worked at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212.

13. Defendant was responsible for implementing policies and procedures regarding employees of Wingstop, who worked at Wingstop, specifically including any anti-discrimination and retaliation policies.

14. Plaintiffs were hired at Wingstop, located at 6215 Old Post Road, Suite 100, Charlotte, NC 28212 as Assistant General Managers prior to January 2022.

15. In January 2022, Plaintiffs were required to quarantine after testing positive for COVID-19.

16. Plaintiffs were required to quarantine per CDC regulations stating that individuals who test positive should isolate for at least 5 days.

17. On January 23, 2022, Plaintiffs returned to work after quarantining due to COVID-19.

18. Shortly after returning to work on January 23, 2022, the acting General Manager, Jahmir, informed Plaintiffs that they were no longer allowed to work together due to being family.

19. Plaintiff Vanessa Matthews and Plaintiff Lisa Matthews are a married lesbian couple that have been working together since their hire date.

20. At the start of their employment, Plaintiffs were given an employee handbook that did not prohibit family members from working together.

21. Furthermore, upon information and belief, Jahmir discussed Plaintiffs' COVID-19 diagnosis with members of staff and proceeded it discuss it loudly throughout the restaurant after Plaintiff's return. Jahmir (Defendant's employee) frequently discussed Plaintiffs private health information with other employees of Defendant.

22. After being informed that Plaintiffs would not be able to work together anymore, Jahmir told Plaintiff Vanessa Matthews that she needed to leave the restaurant, without reason.

23. When Plaintiff Vanessa Matthews did not leave the restaurant due to being on the schedule to work, Jahmir called the police and had both Plaintiffs escorted off the premises.

24. Upon information and belief, the acting General Manager, Jahmir, was told by the General Manager at a separate location to contact the police.

25. Following this incident, Plaintiffs contacted the District Manager, Justin Kirby, who alleged that no one was authorized to have Plaintiffs removed the property and that no one had been instructed to contact the police.

26. Said encounter with the police was quite traumatizing for the Plaintiffs being that they had not had a similar encounter with police and have been upstanding members of society.

27. Plaintiffs specifically suffered severe humiliation, embarrassment, sleepless nights, and depression due to this specific situation.

28. Prior to this incident, Plaintiff Vanessa Matthews declined moving to a separate location despite being offered an additional wage.

29. Plaintiffs have sustained severe emotional distress as a result of this incident that includes anxiety, post-traumatic stress disorder, depression, and sleepless nights.

30. Prior to this incident, Plaintiffs had never worked with or met the acting General Manager, Jahmir.

31. On January 23, 2022, Plaintiffs were terminated by Defendant.

32. Upon information and belief, following Plaintiffs termination, Defendant hired a Caucasian female as Assistant General Manager and provided her with a salary that was significantly larger than Plaintiffs'.

33. Plaintiff's termination was approved by Sizzling Platter, LLC.

34. Upon information and belief, Defendant's minority LGBT employees were treated badly. More specifically, Defendant treated Plaintiff and other minor employees disparately worse than Caucasian employees. For example, upon information and belief, Caucasian, similarly situated employees were never subjected to arbitrary rules as set forth in this amended Complaint that were not enunciated in Defendant's employee handbooks and manuals.

35. Upon information and belief, Defendant was aware of the disparate treatment towards Plaintiffs and other minorities and ratified said treatment behavior by not properly investigating, disciplining, and training its employees.

36. Defendant allowed Plaintiffs' supervisors to govern arbitrarily and subjectively without regard to its own rules and procedures, even though it was aware of the wrongful conduct towards Plaintiffs'.

37. Plaintiffs protested their treatment to Defendant, but nothing was ever done.

38. Defendant knew or should have known about its employees' behavior towards Plaintiffs and other minority employees. Moreover, Defendant did not take appropriate measures to prevent harm to other employees, specifically Plaintiffs, after being placed on notice.

39. The torts and negligent actions of Defendant supervisors are to be imputed to the Defendant pursuant to the doctrine of *respondeat superior*. At all times relevant to this action, Mr. Kirby was acting within the course and scope of his agency and employment by Defendant.

40. Plaintiff's employment record with Defendant was exemplary throughout the course of his employment.

41. Plaintiffs have endured sleepless nights, stress, depression, and anxiety because of Defendant's wrongful conduct towards him.

42. Upon information and belief, the treatment Plaintiffs were subjected to occurred because they were minorities and members of the LGBT community.

### FIRST CAUSE OF ACTION
### Violation of North Carolina's General Statute § 143-422.2(a)
### (Wrongful Discharge and Public Policy)

43. Plaintiffs are a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

44. Plaintiffs, African American lesbian females lodged complaints with Defendant regarding disparate treatment being received and, as such, engaged in protected activity under N.C.G.S. § 143-422.2(a).

45. Defendant retaliated against Plaintiff by refusing to enforce its own rules and policies to the detriment of Plaintiffs.

46. Defendant also retaliated against Plaintiff by terminating them on or about January 23, 2022, for a reason that was manufactured and without cause. Moreover, similarly situated Caucasian employees have not been subject to termination for similar or worse conduct as Plaintiffs.

47. Upon information and belief, Defendant replaced Plaintiffs with a Caucasian female and paid her a wage far more than the wage that Plaintiffs were receiving at the time they were terminated.

48. The conduct alleged herein violates Section (a) of under N.C.G.S. § 143-422.2(a).

49. The unlawful employment practices complained of above were intentional.

50. The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

51. Plaintiff's requests for relief are set forth below.

**SECOND CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

52. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth therein.

53. Defendant engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously, consistently, and purposely enforcing arbitrary rules against

6

Plaintiffs that were not set forth in Defendant's employee handbook and policy manuals. Defendant also caused Plaintiffs daily stress and anxiety by unfairly exhibiting work authority over Plaintiffs.

54. Defendant engaged in extreme and outrageous conduct that exceeds all bounds of civilized society by maliciously and purposely creating a hostile work environment.

55. Defendant intended to inflict emotional distress on the Plaintiff or, at the very least, knew or should have known that emotional distress was a likely result of its conduct.

56. Defendant's extreme and outrageous conduct has caused the Plaintiffs emotional distress.

57. Accordingly, Plaintiff is entitled to damages, attorney's fees, interest, and costs.

**THIRD CAUSE OF ACTION**
**Negligent Infliction of Emotional Distress**

58. Plaintiff repeats, realleges, and incorporates all preceding paragraphs, as if fully set forth herein.

59. Defendant had a duty to uphold the law and protect the public and its employees in Charlotte, North Carolina, including Plaintiff.

60. Defendant's conduct as alleged hereinabove breached their duty of care owed to Plaintiffs and proximately caused Plaintiffs to experience severe emotional distress.

61. Defendant could reasonably foresee that its negligent conduct would cause Plaintiffs to suffer severe emotional distress.

62. Defendant's conduct proximately caused Plaintiffs to experience severe emotional distress as the result of his concern for their own welfare.

63. As a result of the conduct of Defendant, Plaintiffs suffered emotional distress that no reasonable person could be expected to endure in that Plaintiffs suffered harm to his emotional and psychological wellbeing.

64. Accordingly, Plaintiffs is entitled to damages, attorney's fees, interest, and costs.

**FOURTH CAUSE OF ACTION**
**Negligent Retention and Training**

65. All the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

66. Defendant had a duty to exercise ordinary and reasonable care in the screening, hiring, training, retention, supervision, and discipline of its employees – so as not to cause harm to its employees and the public.

67. Defendant breached this duty.

68. Specifically, Defendant:

    a. Failed to properly train its employees prior to hiring them;

    b. Failed to take appropriate measures to properly address Plaintiffs' supervisors' extreme and outrageous behavoir toward employees;

    c. Failed to investigate and/or punish Plaintiffs' employees on multiple occasions;

    d. Breached its duty in other ways.

60. The Defendant breaches of its duty directly and proximately led to damages suffered by Plaintiffs.

WHEREFORE, Plaintiffs, respectfully requests judgment against Defendant as follows:

1. That the Court empanel a jury to hear his cause;

2. A judgment declaring that the practices complained of herein are unlawful and in violation of North Carolina's General Statute § 143-422.2(a), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and, Negligent Hiring, Retention and Training.

3. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, and anguish.

4. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;

5. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees, and other costs;

6. Pre-judgment and post-judgment interest, as provided by law;

7. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

8. Granting Plaintiff other and further relief as this Court finds necessary and proper.

*(The rest of this page was intentionally left blank)*

**THIS** is the 7th day of April, 2023.

*Burts Law, PLLC*

*/s/ M. Anthony Burts II*
M. Anthony Burts II
Attorney for Plaintiff
PO Box 102
Newton, NC 28658
T. (704) 751-0455
F. (704) 413-3882
NCSB# 49878

**CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing was served on the opposing counsel in this matter through the Electronic Case Filing system in effect for the United States District Court for the Western District of North Carolina.

This the 7th day of April, 2023.

/s/M. Anthony Burts II
M. Anthony Burts II