IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| VANESSA MATTHEWS and LISA MATTHEWS,<br><br>Plaintiffs,<br><br>v.<br><br>SIZZLING PLATTER, LLC,<br><br>Defendant. | Civil Action No. 3:23-CV-118-MOC-SCR<br><br>**STIPULATED PROTECTIVE ORDER AND FRE 502(d) AND (e) CLAWBACK ORDER** |

## I. Purpose and Scope

The purpose of this Stipulated Protective Order ("Order") is to govern the parties' handling and disclosure of personal and proprietary information during discovery and mediation, as well as to provide additional protections under FRE 502(d) and (e). This Order does not govern testimony at any trial or hearing; nor does this Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Order should be read as authority to file any document under seal without prior authorization from this Court, or otherwise in accordance with the Local Rules of this Court.

## II. Need for a Protective Order

In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature, including but not limited to personnel records, tax returns and financial information, medical records and materials related to employee benefits, as well as confidential personal or financial information regarding third parties. The parties seek to limit the use of the information and documents during discovery and

mediation in order to protect themselves from annoyance and potential embarrassment. Accordingly, they have agreed to the entry of this Order to facilitate the production of the information requested and any information that has been or will be produced during discovery and mediation in this case.

### III.     Definition of Confidential Information

1.     "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Order.  For purposes of this Order, "confidential information" is likely to include proprietary, business, commercial, financial, and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties.  "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers, all other discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Order.

### IV.     Designation of Information as Confidential

2.     The party producing of any documents or information, including any received in response to a third-party subpoena, subject to this Order shall have the right to use its discretion in designating materials to be Confidential Information as defined herein.  However, the producing party shall be obligated to designate only documents or information that it believes in good faith

- 2 -

to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the producing party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations. If any party produces a document that should have been designated as confidential but was not designated as such, that party may subsequently designate the document as confidential by notifying all parties in writing within thirty (30) calendar days after discovery of its failure to designate and by providing copies of such document bearing a confidential designation. Upon the designation of any material as confidential, all originals, copies, reproductions, and duplications of such material shall be subject to the provisions of this Order.

3. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL. In the event of production of native files, the producing party shall designate any native files produced which contain Confidential Information by placing the word CONFIDENTIAL in the filename.

4. Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees, or agents, or of independent experts retained by any party for purposes of this litigation, may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10)

- 3 -

business days of receipt of the transcript (or some other time period as agreed to by the parties), of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as confidential for a period of at least ten (10) business days after a full and complete transcript of said deposition is available (or some other time period as agreed to by the parties).

## V. Use of Confidential Information

5. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

(a) Counsel for any party, the legal associates, and clerical or other support staff of such counsel assisting in the preparation of this action, and any party, to the extent necessary to prepare this case for this litigation;

(b) Personnel, contractors, or vendors providing graphics, design, photocopy, document imaging, document processing, translation, litigation support, and/or database services to the parties or the parties' counsel

(c) Agents, representatives, and employees of any party, as is necessary to prepare this case for litigation;

(d) Independent experts (who shall not be a party or an employee of a party) employed by counsel for the purpose of assisting in this action;

(e) A witness who is either the producing party or an employee of the producing party or a former or current employee of the producing party, as is necessary to prepare this case for litigation, and

- 4 -

(f) Any court reporter and courtroom personnel at any deposition, pretrial hearing, trial, or other proceedings held in connection with this action;

(g) Any mediator engaged by the parties or Court to assist in this litigation and their staff;

(h) Subject to the provisions of Paragraphs 7 and 8 below, any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

(i) Jurors and prospective jurors;

(j) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

### VI. Non-Disclosure of Confidential Information

6. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the parties agree that no confidential information may be disclosed to any person who falls under 5(b) – 5(d) above (including any consultant, expert, or employee of any party) until such person has read and signed a copy of this Order, thereby indicating their willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

7. If a receiving party becomes aware that it has disclosed Confidential Material to any person or in any circumstance not authorized by this Order, such party shall immediately: (a) notify in writing the designating party of the unauthorized disclosure; (b) use its best efforts to

- 5 -

retrieve all copies of the Confidential Material; (c) provide a copy of this Order to the recipient(s) of the unauthorized disclosure; and (d) use its best efforts to obtain agreement from the recipient that s/he is bound by the Order. Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of confidential information, whether inadvertent or otherwise, by any party shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

## VII. Sealed Filings

8. Documents, things, and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with Local Civil Rule 6.1.

## VIII. General Provisions

9. In the event that a party disputes the propriety of the designation of any material or information as confidential, the objecting party shall notify the producing party in writing. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. Within fourteen (14) calendar days of receiving such notice, the producing party shall either withdraw the designation or specify in reasonable detail the reasons why the information is entitled to the designated status. If the producing party does not withdraw the designation within fourteen (14) calendar days, the objecting party may apply to this Court for a ruling on the continued status of the information. The status of the information as confidential information shall be maintained until the Court's final ruling on the application. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

10. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

11. At the conclusion of the litigation, upon the written request of the other party, the parties agree to return any confidential information to the party providing the confidential information, except transcriptions of depositions taken in the course of this proceeding, or certify that the confidential information has been destroyed. In lieu of return, counsel for the parties may agree to provide written confirmation of the destruction of any confidential information to counsel for the producing party. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

12. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation, or right of any party or person with respect to the Confidential Information. Specifically, this Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

13. Nothing in the foregoing provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

14. Nothing in this Order shall be deemed a waiver of the producing party's right to:

(a) oppose discovery on any grounds other than confidentiality; or

(b) object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this litigation, of any document or information produced or disclosed pursuant to this Order.

### IX. Clawback and Presumptively Privileged Protocol

The parties further stipulate to protect certain privileged and otherwise protected documents and electronically stored information (collectively, "documents") against claims of waiver in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or informal production.

Both parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other Federal and State proceedings. Accordingly, the parties hereby stipulate to, and the Court hereby Orders pursuant to Federal Rules of Civil Procedure 502(d) and (e), as follows:

15. <u>No Waiver by Disclosure</u>. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party or subpoenaed nonparty (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture - in this or any other federal or

- 8 -

state action - of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

16. <u>Notification Requirements; Best Efforts of Receiving Party</u>.  A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must, unless it contests the claim of attorney-client privilege or work product protection in accordance with Paragraph 17, promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

17. <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must - within five business days of receipt of the notice of disclosure – confer in good faith with Disclosing Party and attempt to resolve the dispute without the necessity of court intervention.  If the parties are unable to resolve the contested claim of privilege or work production protection, the parties will schedule and submit to an informal telephonic conference before the Magistrate Judge.  In the event the dispute remains unresolved following these required steps, the Receiving Party may then move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

18. <u>Stipulated Time Periods</u>. The parties may stipulate to extend the time periods set forth in Paragraphs 16 and 17.

19. <u>Attorney's Ethical Responsibilities</u>. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

20. <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden - upon challenge pursuant to Paragraph 17- of establishing the privileged or protected nature of the Protected Information.

21. <u>In Camera Review</u>. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

22. <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

23. <u>Review</u>. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Further nothing contained herein is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

- 10 -

Case 3:23-cv-00118-SCR    Document 24    Filed 10/03/23    Page 10 of 11

24. _Proportionality_. Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

25. _Rule 502(b)(2)_. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED**.

Signed: October 3, 2023

*Susan C. Rodriguez*
United States Magistrate Judge

Respectfully submitted this 2nd day of October, 2023.

| | |
|---|---|
| */s/Mark Anthony Burts, II* | */s/ Kellie A. Tabor* |
| Mark Anthony Burts, II, Bar No. 49878 | Kellie A. Tabor, Bar No. 57153 |
| anthony@burtslaw.com | ktabor@littler.com |
| BURTS LAW, PLLC | Kevin Cleys, Bar No. 51589 |
| PO Box 102 | kcleys@littler.com |
| Newton, NC 28658 | LITTLER MENDELSON, P.C. |
| Telephone: 704.751.0455 | 620 South Tryon Street, Suite 950 |
| Facsimile: 704.413.3882 | Charlotte, NC 28202 |
| | Telephone: 704.972.7000 |
| | Facsimile: 704.333.4005 |
| *Attorneys for Plaintiffs* | |
| | *Attorneys for Defendant* |